UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PETER FISCHER, *individually and on behalf of all others similarly situated*,<br><br>    Plaintiffs,<br><br>v.<br><br>CONOPCO, d/b/a "UNILEVER," DOES 1 through 10,<br><br>    Defendants. | Case No. 4:21-cv-00582-SEP[1] |

## MEMORANDUM AND ORDER

Before the Court is Defendant Unilever's Motion to Compel Arbitration and Stay Litigation, Doc. 17, and Plaintiffs' Motion to Compel Discovery and Extend Discovery, Doc. 21. The motions are fully briefed and ready for disposition. For the reasons set forth below, Defendant's motion is granted, and Plaintiff's motion is denied as moot.

### FACTS AND BACKGROUND

This litigation originated in 2019 with the filing of eight related cases involving allegations that Unilever's packaging was misleading. Those cases were consolidated under *Crepps v. Conopco*, No. 4:19-cv-02554-SEP. Shortly after discovery commenced in the *Crepps* cases, nine new related lawsuits were removed by Defendant, and the Court subsequently consolidated those "second round" cases into the *Crepps* cases. In order to streamline the proceedings, Plaintiffs dismissed all of the original *Crepps* cases and replaced

---

[1] This Order applies to the following consolidated cases:  21-cv-00583-SEP; 21-cv-00706-SEP; 21-cv-00709-SEP; 21-cv-00710-SEP; 21-cv-00781-SEP; 21-cv-00782-SEP; 21-cv-00888-SRW; 21-cv-00892-SRC.

1

them with the nine new cases. As the original *Crepps* case was dismissed, the Court consolidated the nine "second round" cases under the present action, *Fischer v. Conopco*.

Plaintiffs allege that Defendant deceptively markets various antiperspirant deodorant products. Doc. 4 ¶ 2. Plaintiffs bring claims on behalf of a nationwide and a Missouri class of putative plaintiffs for breach of warranty, breach of implied contract, unjust enrichment, and violation of the Missouri Merchandising Practices Act. *Id.* at 14-18.

Plaintiffs allege that they purchased Defendant's products from retailers in Missouri. *Id.* ¶ 69. Defendant represents that Plaintiffs have recently provided discovery that reveals Plaintiffs purchased Defendant's products from Walmart.com. Doc. 18 at 3. Based on that new information, Defendant now seeks an order from the Court compelling Plaintiffs to arbitrate their claims against Defendant in accordance with Walmart.com's Terms of Use and the arbitration agreement contained therein.

## LEGAL STANDARD

"Arbitration agreements are governed by the Federal Arbitration Act ("FAA")." *Hoffman v. Cargill Inc.*, 236 F.3d 458, 461 (8th Cir. 2001). The FAA provides that:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4.

The FAA reflects a "liberal federal policy favoring arbitration." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011). "[C]ourts must place arbitration agreements on an

equal footing with other contracts" and enforce them according to their terms. *Id.* "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Lyster v. Ryan's Family Steak Houses, Inc.*, 239 F.3d 943, 945 (8th Cir. 2001). Accordingly, where there is an enforceable agreement to arbitrate, federal courts "shall make an order directing the parties to proceed to arbitration." 9 U.S.C. § 4.

## DISCUSSION

Defendant argues that Plaintiffs' claims should be referred to arbitration because (1) "the parties" entered into a valid arbitration agreement, (2) Plaintiffs' claims are covered by the Agreement, and (3) the Agreement delegates any issues pertaining to arbitrability to the arbitrator. Doc. 18 at 7. Plaintiffs argue that Defendant, a nonsignatory to the agreement, has no standing to enforce the agreement because a defendant can enforce an arbitration agreement to which it is not a signatory in only two specific circumstances, neither of which exists here. Doc. 19 at 4. Although Plaintiffs are correct that Defendant is not a signatory to the contract between Plaintiffs and Walmart, whether Defendant can enforce the arbitration agreement contained in Walmart's Terms of Use is a question for the arbitrator, not this Court.

"Whether a particular arbitration provision may be used to compel arbitration between a signatory and a nonsignatory is a threshold question of arbitrability." *Eckert/Wordell Architects, Inc. v. FJM Properties of Willmar, LLC*, 756 F.3d 1098, 1100 (8th Cir. 2014). When a contract delegates questions of arbitrability to an arbitrator, "a court possesses no power to decide the arbitrability issue . . . even if the court thinks that the argument that the arbitration agreement applies to a particular dispute is wholly groundless." *Henry Schein, Inc. v. Archer and White Sales, Inc.*, 139 S. Ct. 524, 529 (2019).

Walmart's Terms of Use incorporate the "JAMS" rules. Doc. 18-3 § 20. JAMS Rule 8(b) states that "arbitrability disputes, including disputes over the formation, existence,

3

validity, interpretation or scope of the agreement under which Arbitration shall be submitted, and who are proper Parties to the Arbitration, shall be submitted to and ruled on by the Arbitrator." Doc. 18-5 at 11. Thus, under binding Eighth Circuit and Supreme Court precedent, even if this Court found Defendant's arbitrability argument "wholly groundless," the Court would have no power to decide the question. *Henry Schein, Inc.*, 139 S. Ct. at 529; *Eckert/Wordell Architects*, 756 F.3d at 1100.

## Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Unilever's Motion to Compel Arbitration, Doc. [17], is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Unilever's Motion to Stay Litigation, Doc. [17], is **GRANTED**. All further deadlines in this case are **STAYED** pending the resolution of the threshold question of arbitrability and subsequent arbitration, if any.

**IT IS FINALLY ORDERED** that Plaintiffs' Motion to Compel Discovery and Extend Discovery, Doc. [21], is **DENIED** as moot.

Dated this 2nd day of June, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE